07-0770-ag
*Palahnuk v. Commissioner*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: September 9, 2008)                                Decided: September 29, 2008)

Docket No. 07-0770-ag

JONATHAN N. PALAHNUK AND KIMBERLY A. PALAHNUK,

*Petitioners-Appellants*,

v.

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

Before: CABRANES, POOLER, and KATZMANN, *Circuit Judges.*

Appeal from a judgment of the United States Tax Court (David Laro, *Judge*), sustaining the

Internal Revenue Service's determination of a tax deficiency on petitioners' 2001 federal income tax

return. Petitioners had claimed that section 56(d) of the Internal Revenue Code permitted them to

include net capital losses in their calculation of an alternative tax net operating loss. Petitioners'

proposed interpretation created a negative income for purposes of the alternative minimum tax and

enabled petitioners to apply a tax credit that eliminated all income tax liability for the year. We hold

that (1) the rules governing the calculation of net operating loss for regular income tax purposes also

apply to the alternative tax net operating loss except where otherwise indicated; (2) sections 172(c) and

(d) of the Internal Revenue Code effectively preclude net capital losses from inclusion in net operating

loss, and section 1211(b) limits capital loss deductions to $3000 per year; and (3) nothing in section

56(d) of the Internal Revenue Code alters the rules for calculating net operating losses such that petitioners may include net capital losses in the calculation of the alternative tax net operating loss.

Affirmed.

BRIAN G. ISAACSON, Merriam & Isaacson, P.S., Seattle, WA (Don Paul Badgley, Badgley-Mullins Law Group, Seattle, WA, *on the brief*), *for petitioners-appellants.*

RICHARD FARBER (Eileen J. O'Connor, Assistant Attorney General, and Bridget M. Rowan, Attorney, *on the brief*), Tax Division, Department of Justice, Washington, DC, *for respondent-appellee.*

PER CURIAM:

On appeal from the United States Tax Court (David Laro, *Judge*), petitioners Jonathan and Kimberly Palahnuk contend that section 56(d) of the Internal Revenue Code ("I.R.C." or "the Code"), 26 U.S.C. §§ 1 *et seq.*, allows them to fully deduct certain capital losses notwithstanding the limitations on capital loss deductions in I.R.C. §§ 172(c), 172(d), and 1211(b).[1] As applied by petitioners, this approach would have effectively eliminated their entire tax liability for the year. We reject this approach, as have the United States Courts of Appeals for the Fifth, Ninth, and Federal Circuits,[2] and we adopt the holdings of the Tax Court—specifically, (1) the capital loss limitations applicable to the

---

[1] I.R.C. § 172(c) states: "For purposes of this section, the term 'net operating loss' means the excess of the deductions allowed by this chapter [the provisions governing "Normal Taxes and Surtaxes"] over the gross income. Such excess shall be computed with the modifications specified in subsection (d)."

I.R.C. § 172(d) states, in relevant part: "In the case of a taxpayer other than a corporation . . . the amount deductible on account of losses from sales or exchanges of capital assets shall not exceed the amount includable on account of gains from sales or exchanges of capital assets . . . ."

I.R.C. § 1211(b) states: "In the case of a taxpayer other than a corporation, losses from sales or exchanges of capital assets shall be allowed only to the extent of the gains from such sales or exchanges, plus (if such losses exceed such gains) the lower of (1) $3,000 ($1,500 in the case of a married individual filing a separate return), or (2) the excess of such losses over such gains."

[2] *See Kadillak v. Comm'r*, 534 F.3d 1197 (9th Cir. 2008); *Pierce v. United States*, 274 F. App'x 897 (Fed. Cir. 2008); *Merlo v. Comm'r*, 492 F.3d 618 (5th Cir. 2007).

regular tax regime also apply to the alternative minimum tax ("AMT") regime unless explicitly excepted; (2) net capital losses are effectively excluded from the computation of net operating loss ("NOL") for ordinary income under I.R.C. § 172(c) and (d); and (3) none of the provisions of I.R.C. § 56(d) provide an exception to the limitation on deducting net capital losses in section 172. *See Palahnuk v. Comm'r*, 127 T.C. 118 (2006).[3]

Three provisions of the Code govern the deduction of net capital losses for the purposes of calculating an NOL—I.R.C. §§ 172(c), 172(d), and 1211(b). Section 172(c) defines the NOL as the "excess of the deductions allowed by this chapter over the gross income" and indicates that section 172(d) further provides modifications to be used in calculating the "excess." Section 172(d)(2)(A), in turn, limits a non-corporate taxpayer's deduction for capital losses to the amount of capital gains—effectively eliminating net capital losses from the NOL calculation. *See Kadillak v. Comm'r*, 534 F.3d 1197, 1203 (9th Cir. 2008) ("[Section] 172(c) does not allow [a taxpayer] to deduct his net capital losses as an NOL."); *Merlo v. Comm'r*, 492 F.3d 618, 623 (5th Cir. 2007) ("[Section] 172(d)(2)(A) works so that net capital losses are effectively excluded from the computation of NOL."). Section 1211(b) further limits non-corporate taxpayers to a $3000 annual deduction for capital losses. Taken together, these three provisions signal that, except for a $3000 annual deduction, non-corporate taxpayers may not include net capital losses in the calculation of a NOL.

As a general rule, all provisions of the Internal Revenue Code that are applicable in determining regular income tax apply with equal force to the determination of the AMT, unless explicitly excluded. *See* Treas. Reg. § 1.55-1 ("Except as otherwise provided by statute, regulations, or other published

---

[3] "We review the legal conclusions of the tax court de novo and its factual findings under the clearly erroneous standard." *Merrill Lynch & Co. v. Comm'r*, 386 F.3d 464, 469 (2d Cir. 2004). Petitioners are residents of New York, and we therefore have jurisdiction over this appeal under I.R.C. § 7482, which provide that the United States Courts of Appeals have "exclusive jurisdiction to review the decisions of the Tax Court," I.R.C. § 7482(a), and that venue may be determined based on the legal residence of the petitioner, I.R.C. § 7482(b)(1)(A).

guidance issued by the Commissioner, all Internal Revenue Code provisions that apply in determining the regular taxable income of a taxpayer also apply in determining the alternative minimum taxable income of the taxpayer."). Therefore, as applied to the AMT regime, sections 172(c), 172(d), and 1211(b) do not allow net capital losses to be included in the calculation of an alternative tax net operating loss ("ATNOL") in the absence of a statute or rule that specifically permits their inclusion. Petitioners have not pointed to an exception to sections 172(c), 172(d), or 1211(b) that would supercede those provisions for the ATNOL. In fact, I.R.C. § 56(d), which governs the calculation of the ATNOL, specifically references section 172(c), which incorporates 172(d), in its calculation.[4] Because of the absence of express statutory authorization in section 56(d), or in any other section, for the inclusion of net capital losses in the ATNOL, the Code does not permit those loses to contribute to an ATNOL.

Petitioners concede that every court to address the issue has rejected their interpretation. Two cases—*Kadillak* and *Merlo*—are particularly instructive. In *Kadillak*, petitioner argued that I.R.C. § 56 "establish[es] a 'sequential formula' that allows him to fully deduct his AMT capital loss as an ATNOL under I.R.C. § 56(d)(2)(A)(i), notwithstanding the limitations on capital loss deductions in I.R.C. §§ 172(d) and 1211(b)." 534 F.3d at 1202. The Ninth Circuit rejected this interpretation, holding that I.R.C. § 56(d) "hardly exempts ATNOL from the limitations of § 172," *id.* at 1203, but rather "disallows any deduction that is disallowed by § 172(c) and [is] not specifically allowed by an exception in § 56(d)," *id.* at 1204. Section 56(d)(2)(A)(i) does not provide a way around the Code's limitations on deductibility of capital losses, as the Ninth Circuit explained:

---

[4] Nor can petitioners point to any court opinion that has adopted their interpretation, although this is not for lack of trying. It is noteworthy that petitioners are represented by the same attorneys who have repeatedly argued, without success, substantially the same interpretation of section 56(d) before the Fifth, Ninth, and Federal Circuits. *See, e.g.*, *Norman v. United States*, No. 06-16741, 2008 U.S. App. LEXIS 16207, at *1 (9th Cir. July 29, 2008); *Kadillak*, 534 F.3d at 1197; *Pierce*, 274 F. App'x at 897; *Thumann-Pavlosky v. United States* (*In re Pavlosky*), 256 F. App'x 690, 690 (5th Cir. 2007); *Merlo*, 492 F.3d at 619.

[Section 56(d)(2)(a)(i)] actually provides that, for purposes of computing ATNOL, the NOL "under section 172(c) shall . . . be determined *with* the adjustments provided in this section [56] and section 58." I.R.C. § 56(d)(2)(a)(i) (emphasis added). In other words, rather than directing taxpayers to determine ATNOL by calculating NOL under § 172(c) before making the AMT adjustments in §§ 56 and 58, § 56(d) actually directs taxpayers to calculate NOL under § 172(c) with AMT-adjusted figures.

*Id.* Considering essentially the same claim, the Fifth Circuit, like the Ninth Circuit, held that "net capital losses are effectively excluded from the computation of NOL" under section 172(d)(2)(A), and that none of the provisions referenced in section 56(d) that modify the NOL—I.R.C. §§ 56-58—"override[ ] the § 172 limitations." *Merlo*, 492 F.3d at 623-24. We agree with the Fifth and Ninth Circuits—and, as petitioners concede, every court to have addressed this issue.

Finally, petitioners argue that Congress "intended" that taxpayers be permitted to deduct net capital losses for AMT purposes when they have accumulated a substantial tax credit. "Legislative intent" is ordinarily examined only where the words of a statute are ambiguous. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 568 (2005) ("[T]he authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms.") In this case, the Code is unambiguous—net capital losses are effectively excluded from the calculation of a NOL and there are no provisions permitting net capital losses to be included in the ATNOL calculation. Moreover, the suggestion that Congress had intentionally created a loophole in the AMT regime belies well-established interpretations of the Code's AMT provisions based on the contemporaneous congressional record. As the Fifth Circuit has explained, "Congress enacted the AMT to ensure that high-income taxpayers cannot avoid significant tax liability through the

5

use of exclusions, deductions, and credits." *Merlo*, 492 F.3d at 620.  Lacking express statutory authorization or overwhelming evidence of legislative intent to the contrary, we cannot interpret section 56(d) to ease existing restrictions on the deductibility of net capital losses, particularly when the purpose of the AMT was to prevent taxpayers from evading tax liability in this way.[5]

## CONCLUSION

We have considered petitioners' remaining arguments and find them to be without merit.  For all these reasons, we **AFFIRM** the judgment of the Tax Court.

---

[5] Congress amended section 53 of the Internal Revenue Code in 2006 to address the specific problem faced by petitioners and others who incurred AMT losses when they exercised stock options at or near the height of the stock market in 2000 and sold those stocks at a loss in 2001 or later.  *See* Pub. L. No. 109-432, Div A, Title IV, § 402(a), 120 Stat. 2922, 2953-54 (2006).  As amended, section 53(e) grants relief to taxpayers by permitting them to apply "long-term unused minimum tax credits" at an accelerated rate.  The need for an amendment to accomplish the objectives sought by this litigation suggests that, prior to that amendment, the Code did not permit taxpayers to deduct their net capital losses apart from the $3000 annual limit.  *See* I.R.C. § 1211(b).  We further note that this amendment, which ameliorates the burden imposed by sections 172(c), 172(d), and 1211(b) of the Internal Revenue Code, leaves in place the calculations required under those sections.